# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUD RIOS, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-636 |
| v. | (JUDGE CAPUTO) |
| MARIO CABRERA, and ALLIANZ LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendants, | |

## MEMORANDUM

Presently before the Court is a motion to remand by Plaintiff Maud Rios ("Rios"). (Doc. 8.)[1] For the reasons discussed below, Rios's motion will be denied. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1332 and 1441.

## BACKGROUND

Rios filed the present action against Defendants Mario Cabrera ("Cabrera") and Allianz Life Insurance Company of America ("Allianz") on or about January 13, 2010. (Notice of Removal ¶¶ 1, 3, Doc. 1.) Rios alleges several state law causes of action including breach of contract and deceptive trade practices. (Compl., Doc. 1, Ex. 1.) Rios attempted to serve Allianz on January 15, 2010, by having the Sheriff of Monroe County mail a copy of the complaint via certified mail. (Dawn Dawsey Aff. ¶¶ 2, 4, May 18, 2010.) On February 8, 2010, Rios again attempted to serve Allianz by serving a copy of the complaint on

---

[1] Rios's motion is titled "Motion in Opposition to Defendant Allianz Life Insurance Company of North America's Notice of Removal," which will be interpreted as a motion for remand.

Corporation Service Company ("CSC"). (Doc. 16, Ex. B at 2.) At all relevant times, however, Allianz's registered agent for service of process was CT Corporation System ("CT Corp."). (Doc. 10, Ex. B.)

Allianz removed the present action on March 23, 2010. (Doc. 1.) Allianz removed without the consent of Cabrera because it was unable to locate him. (Notice of Removal ¶¶ 6-7.) Rios filed the present motion to remand on April 7, 2010. (Doc. 8.) This motion has been briefed by both parties and is now ripe for disposition.

**LEGAL STANDARD**

On a motion to remand, the removing party bears the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991). Furthermore, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id.* "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original diversity of citizenship jurisdiction in actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). An action must be removed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)

**DISCUSSION**

Rios argues that the present action should be remanded for three reasons. First, she argues that Allianz's removal was beyond the thirty (30) days permitted under § 1446(b). Second, she argues that the possibility that Defendant Cabrera may respond to an outstanding motion for default in the state proceedings defeats the removal. Third, she argues that there is an insufficient amount in controversy for this Court to have diversity jurisdiction. I will consider each argument in turn.

**I.      Timely Removal**

Rios first argues that Allianz filed its notice of removal beyond the time permitted under 28 U.S.C. § 1446. The timing for filing for removal is governed by § 1446(b) which states that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court clarified the meaning of "receipt" under § 1446(b). *Murphy Bros.*, 526 U.S. at 347. The Court stated that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48. While the language of § 1446(b) encompasses a number of possible scenarios to trigger the thirty day period, some

3

proper, formal service is required. *Id*. at 354; *Pine Tree Homes, Inc. V. Stoddard*, No. 3:09-cv-915, 2009 U.S. Dist. LEXIS 104796, at *2 (M.D. Pa. Nov. 10, 2009) ("proper formal service is a necessary prerequisite that must be satisfied before the clock starts running on removal"). Allianz filed the notice of removal on March 23, 2010. (Doc. 1.) Under § 1446(b), the removal was late if Allianz was properly served on or before February 20, 2010.

Rios argues that Allianz was served either on January 15, 2010, or on February 8, 2010. Allianz argues that it was not properly served on either date, and therefore, that the did the thirty day requirement of § 1446(b) does not bar removal. *Murphy Brothers*, as courts have noted, "addresses when the thirty-day time period for removal begins, not the proper method for service." *Drain v. Accredited Home Lenders, Inc.*, 219 Fed. Appx. 791, 796 (10th Cir. 2007). The question of whether service, or waiver thereof, occurred remains a question of state law. *See Murphy Bros.* 526 U.S. at 353 (effect of the word 'otherwise' varies based upon state procedural requirements as to the method of effecting service) (citation omitted).

Rios first attempted to serve Allianz on January 15, 2010, by having the sheriff transmit a copy of the complaint via certified mail. (Dawsey Aff. ¶ 2.) Allianz presents evidence that this service attempt failed because the complaint was neither attested by the prothonotary nor certified by the plaintiff to be a true copy, thereby failing to satisfy Rule 401(c). (Dawsey Aff. ¶ 3); Pa.R.C.P. 401(c). Rios' counsel attests that "[al]though I can not be certain that there was a certification with the Complaint alleging same to be a true and correct copy, the Prothonotary does check the copies prior to date stamping same and the copies are forwarded directly to the Sheriff's Department by the Prothonotary." (Mark Primrose Aff. ¶ 5, June 7, 2010.) This statement, however, fails to affirmatively establish

4

either that the prothonotary attested or that the plaintiff certified the process served on Allianz. Similarly, Rios's attempt to now certify the process served as a true and correct copy does not alter whether service was properly completed on January 15, 2010. Because Rios fails to present any evidence refuting the fact that the process received by Allianz was not properly attested or certified, I find that this attempted service was not proper because it failed to comply with Pennsylvania Rule of Civil Procedure 401(c).

Rios also argues that Allianz, through its agent CT Corp., was served on February 8, 2010. Allianz presents evidence that it never received service via its registered agent CT Corp. (Dawsey Aff. ¶ 6.) And while Rios presents evidence that it *attempted* to serve CT Corp. (Primrose Aff. ¶ 9; Doc. 16, Ex. 2 at 8), the only evidence of *completed* service by the sheriff's office was service to CSC on February 8, 2010. (Doc. 16, Ex. 2 at 9.) CSC, however, was not Allianz's registered agent for service. (Doc. 10, Ex. B.) Therefore, Rios fails to present any evidence that it properly served CT Corp., and I find that Rios also failed to properly serve Allianz on February 8, 2010. Because Allianz was not properly served on or before February 20, 2010, Allianz's notice of removal was timely and Rios's motion to remand on this theory will be denied.

**II.     Default Against Cabrera**

Rios next argues that because co-defendant Cabrera might respond to the default at the state court level, removal is inappropriate. Rios cites no authority, and I find none, in support of this argument. The mere pendency of matters in the state court cannot be a bar to removal or else removal would never be possible. Removal, by its very nature, is the transfer of a live dispute into federal court. Rios's motion to remand on this theory will be denied.

**III.    Diversity Jurisdiction**

Rios's final argument in favor of remand is that the present action is not suitable for diversity jurisdiction. As stated above, diversity jurisdiction requires that: (1) the parties are citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Rios does not dispute that the parties are completely diverse.[2] She instead argues that she is willing to stipulate that the amount in controversy does not exceed $75,000. As Allianz correctly points out, when determining the amount in controversy the court should look to the sum claimed in the plaintiff's complaint "barring bad faith or the legal impossibility of recovering such an amount." *Dow v. Jones*, 232 F. Supp.2d 491, 497-98 (D. Md. 2002); *see Huber v. Taylor*, 532 F.3d 237, 243 (3d Cir. 2008) (sum claimed by plaintiff controls if claim is apparently made in good faith). Rios's Complaint clearly contains a demand for $95,954.82. (Compl. ¶ 34.) Furthermore, the fact that Rios is willing to stipulate to a lesser amount does not require Allianz to accept that estimation. Allianz reasonably asserts that the amount in controversy exceeds $75,000 based upon the allegations in the complaint, and Rios presents no arguments or evidence to the contrary. Rios's motion to remand on this theory will be denied.

---

[2] Allianz's notice of removal states the residence of each of the individual parties. (Notice of Removal ¶¶ 9, 11.) When evaluating whether there is complete diversity the Court must consider the *citizenship*, not the residence, of each party. 28 U.S.C. § 1332(a)(1). Because Allianz alleges that there is complete diversity and Rios does not object, the Court will infer that Rios is a citizen of New York, and that Cabrera is a citizen of Pennsylvania.

**CONCLUSION**

Because Allianz has met its burden of demonstrating that removal is appropriate here. Specifically, I find that Rios did not properly serve Allianz on or before February 20, 2010, and therefore, Allianz's removal was timely. I also find that there is no reason to prevent removal because of the pendency of issues before the state court at the time of removal, and that there is a sufficient amount in controversy to support diversity jurisdiction under 28 U.S.C. § 1332. Rios's motion to remand will be denied.

An appropriate order follows.


  June 30, 2010                                                                   /s/ A. Richard Caputo
Date                                                                           A. Richard Caputo
                                                                                 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUD RIOS, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-636 |
| v. | (JUDGE CAPUTO) |
| MARIO CABRERA, and ALLIANZ LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendants, | |

## ORDER

**NOW**, this  30th  day of June, 2010, **IT IS HEREBY ORDERED** that Plaintiff Maud Rios's Motion in Opposition to Removal (construed as a motion to remand) (Doc. 8) is **DENIED**.

                                         /s/ A. Richard Caputo  
                                         A. Richard Caputo  
                                         United States District Judge