# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUD RIOS, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-636 |
| v. | (JUDGE CAPUTO) |
| MARIO CABRERA, and ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendants, | |

## MEMORANDUM

Presently before the Court is Defendant Allianz Life Insurance Company of North America's ("Allianz") Motion to Dismiss. (Doc. 3.) For the reasons discussed below, Allianz's motion will be granted, and Plaintiff Maud Rios's ("Rios") claims against Allianz will be dismissed. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1441 (removal).

## BACKGROUND

The facts alleged in Rios's Complaint are as follows:

At all relevant times, Rios maintained an annuity policy with Allianz. (Compl. ¶ 4, Doc. 1, Ex. A.) Defendant Mario Cabrera ("Cabrera") was at all relevant times Allianz's agent responsible for the "accounts(s)" of Rios. (Compl. ¶ 5.) Rios's primary language is Spanish, and "while she is able to communicate somewhat in English, she is unable to thoroughly comprehend more in depth matters such as financial investments and should have had an interpreter present." (Compl. ¶ 10.)

In the spring of 2006, Cabrera approached Rios with a plan to get a higher rate of return if Rios would borrow $40,000 against the annuity and loan that sum to Cabrera. (Compl. ¶ 8.) Rios, with the assistance of Cabrera, requested the funds from the annuity on May 24, 2006. (Compl. ¶ 9.) The loan was process on June 9, 2006. (Compl. ¶ 9.) On or about May 16, 2006, Rios received check 4643882, a check for $40,000.[1] (Compl. ¶ 12; Compl., Ex. B.) Rios then telephoned Cabrera, who went to Rios's residence. (Compl. ¶ 13.) Despite Rios's refusal to endorse the check, Cabrera informed Rios that "he would take care of it and left with the check." (Compl. ¶ 13.) Cabrera then forged Rios's signature on the check. (Compl. ¶ 13.) Allianz "[paid] out monies on a check which endorsement [sic] was forged."[2] (Compl. ¶ 36.) Subsequently, Cabrera telephoned Rios and requested an additional loan of $42,000. (Compl. ¶ 15.) Cabrera alleged that this money was to be used to refinance his property at Lot 45, Phase III, White Oak Country Estates. (Compl. ¶ 15.) Rios agreed to this additional loan based upon the return promised by Cabrera. (Compl. ¶ 23.)

Between January 2007 and May 2008, Cabrera made payments to Rios in total of $11,000. (Compl. ¶ 16.) After repeated telephone calls, Cabrera agreed to execute documents verifying the sums borrowed from Rios. (Compl. ¶ 17.) Also after repeated telephone calls, Cabrera refused to make any further payments on the sums due to Rios.

---

[1] The Court recognizes that Rios has alleged that she received the check for $40,000 eight (8) days before it was requested. While Rios does attach a copy of the check to the Complaint as Exhibit B, the issuance date of the check is illegible, and therefore, the Court must rely solely upon Rios's allegation as to the receiving date.

[2] Presumably, Rios refers to the check taken by Cabrera for $40,000. Throughout the Complaint, however, Rios never actually alleges that Cabrera took the agreed upon sums from her.

(Compl. ¶ 18.) "It is believed that [Cabrera] never intended to pay back the loans but just use his position of Trust [sic] as [Allianz's agent] to obtain funds."  (Compl. ¶ 26.)

Rios filed this action against Cabrera and Allianz in the Monroe County Court of Common Pleas on or about January 13, 2010.  (Notice of Removal ¶¶ 1-3, Doc. 1.)  On March 23, 2010, Allianz removed the action to the United States District Court for the Middle District of Pennsylvania.  (Doc. 1.)  Allianz filed the present motion to dismiss on March 30, 2010.  (Doc. 3.)  This motion has been fully briefed, and is now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a

3

defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

4

**DISCUSSION**

**I.    Motion to Dismiss**

Rios alleges three counts against Allianz. At Count II, Rios alleges that Allianz is vicariously liable for the fraud committed by its agent Cabrera, and for Cabrera's deceptive trade practices. At Count III, Rios alleges that Allianz had a duty to act in good faith and "to ensure that the payee on the check was the person who endorsed the check." At Count IV, alleges Allianz breached its fiduciary duty to Rios. Allianz argues that each of these counts should be dismissed. I will consider each count seriatim.

A.  Count II (Fraud and Deceptive Trade Practices)

At Count II, Rios first alleges a cause of action for fraud. Under Pennsylvania law, to establish a claim of fraud a party must allege:

> (1) a false representation of an existing fact or a nonprivileged failure to disclose; (2) materiality, unless the misrepresentation is intentional or involves a nonprivileged failure to disclose; (3) scienter, which may be either actual knowledge or reckless indifference to the truth; (4) justifiable reliance on the misrepresentation, so that the exercise of common prudence or diligence could not have ascertained the truth; and (5) damage to him as a proximate result.

*Wittekamp v. Gulf & W., Inc.*, 991 F.2d 1137, 1142 (3d Cir. 1993). Allianz argues that Rios has failed to allege that she justifiably relied upon Cabrera's misrepresentations. I agree. While Rios alleges with sufficient specificity what misrepresentations were made by Cabrera, she fails to allege that she justifiably relied upon those misrepresentations. Because this is a necessary element for a claim of fraud under Pennsylvania law, Allianz's motion to dismiss this claim will be granted.

5

Rios also alleges a cause of action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). 73 PA. CONS. STAT. ANN. § 201-1, *et seq.* As argued by Allianz, "[i]n order to state a claim under the UTPCPL, a plaintiff must allege one of the 'unfair or deceptive practices' set forth in 73 P.S. § 201-2(4)(i)-(xxi)." *Feeney v. Disston Manor Personal Care Home*, 849 A.2d 590, 597 (Pa. Super. Ct. 2004) (citation omitted). While Rios alleges that Cabrera was deceptive, she fails to allege what trade practice or practices allegedly occurred which form the basis of her claim. Because this is a necessary element for a claim under the UTPCPL, Allianz's motion to dismiss this claim will be granted.

B. Count III

At Count III, Rios alleges that Allianz "owes the utmost good faith to its' [sic] customers" and that it "had a responsibility to ensure that the payee on the check was the person who endorsed the check and ultimately received the funds." Allianz argues, and I agree, that these allegations fail to provide a short, plain statement of the basis of liability being alleged as required by Federal Rule of Civil Procedure 8(a)(2). Rios's arguments as to the requirement of good faith seem to imply she alleging a breach of contract claim, while the failure to stop payment on a fraudulently endorsed check seems more like an extension of her fraud claim. Alternatively, Rios's allegations might relate to a claim that Allianz itself is directly liable for fraud, rather than through vicarious liability. Because the theory of liability alleged by this count is far from the short, plain statement required, Allianz's motion to dismiss this claim.

C. Count IV (Breach of Fiduciary Duty)

At Count IV, Rios alleges that Allianz breached its fiduciary duty to Rios. Rios does

not articulate a theory of vicarious liability on this claim, and instead has alleged a direct cause of action against Allianz. Under Pennsylvania law:

> [t]he elements the plaintiff must prove in claim of breach of fiduciary duty are: "(1) that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of plaintiff in all matters for which he or she was employed; (2) that the plaintiff suffered injury; and (3) that the agent's failure to act solely for the plaintiff's benefit . . . was a real factor in bring about plaintiff's injuries," Pa. S.S.J.I. § 4.16 (1991).

*McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 626 (E.D. Pa. 1998). Allianz argues that Rios fails to allege the necessary elements for such a claim because it does not allege that Allianz's actions, rather than those of Cabrera, were the real factor in bringing about Rios's injuries. I agree. Therefore, she fails allege each of the necessary elements under this theory. Furthermore, even if these specific elements were alleged, Rios's claim fails to provide a sufficient factual basis for this claim, such as alleging the basis of a fiduciary relationship between Allianz and Rios. *Iqbal*, 129 S. Ct. at 1950. Allianz's motion to dismiss this claim will be granted.

## II.     Leave to Amend

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). Because the insufficient factual and legal allegations discussed above might be cured by amendment, it cannot be said at this time that any proposed amendment would be futile. Therefore, Rios will be given twenty-one (21) days from the date of this order to file a motion to amend her complaint.

7

**CONCLUSION**

Because Rios's Complaint fails to provide sufficient factual and legal allegations to support her claims against Allianz, Allianz's motion to dismiss will be granted. In light of this conclusion, I need not reach Allianz's remaining arguments.

An appropriate order follows.


| July 1, 2010 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
|  | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAUD RIOS, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-636 |
| v. | (JUDGE CAPUTO) |
| MARIO CABRERA, and ALLIANZ LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendants, | |

## ORDER

**NOW**, this ___1st___ day of July, 2010, **IT IS HEREBY ORDERED** that:

(1) Defendant Allianz Life Insurance Company of North America's ("Allianz") Motion to Dismiss (Doc. 3) is **GRANTED**.

(2) Plaintiff Maud Rios will be given **TWENTY-ONE (21) DAYS** from the date of this Order to file a motion to amend her Complaint.

                                                  /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge