# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUD RIOS, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-636 |
| v. | (JUDGE CAPUTO) |
| MARIO CABRERA and ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the plaintiff's motion seeking leave to file an amended complaint. (Doc. No. 35.) For the reasons explained below, the motion will be denied.

## I. BACKGROUND

### A. Factual Background[1]

The plaintiff in this action is Maud Rios, who lives in New York. Ms. Rios brought this action against Allianz Life Insurance Company of North America and its agent, Mario Cabrera. Allianz is a Minnesota corporation and Mr. Cabrera resides in Pennsylvania.

In the spring of 2006, Mr. Cabrera approached Ms. Rios and suggested she obtain a home equity loan and use those funds to purchase an annuity policy with Allianz. Ms. Rios did so, and Mr. Cabrera was the Allianz agent responsible for the account. Mr. Cabrera promised Ms. Rios a higher return if she would borrow $40,000 from the annuity and loan him that sum. She obtained the loan, and Allianz mailed her a check for $40,000.

Ms. Rios notified Mr. Cabrera that the check had arrived, and he traveled to her home

---

[1] The facts are presented as they are alleged in the complaint.

in New York. Ms. Rios refused to endorse the check, but Mr. Cabrera told her he would take care of it and left with the check. He allegedly forged Ms. Rios's signature on the check, cashed it, and took the $40,000 for his own use.

After this, Mr. Cabrera asked Ms. Rios for an additional loan of $42,000 which he planned to use for refinancing his property. Ms. Rios agreed to loan him this amount based on the proposed rate of return. Mr. Cabrera made several payments on the loan between January 2007 and May 2008, but refused to make any further payments. After repeated telephone requests by Ms. Rios, Mr. Cabrera memorialized the amounts owed and payments scheduled in a signed document.

**B. Procedural Background**

Ms. Rios initially brought this action in the Monroe County Court of Common Pleas. After removing the action to federal court, Allianz moved to dismiss Counts II, III, and IV of the complaint for failure to state a claim on which relief could be granted. The Court granted Allianz's motion and directed Ms. Rios to file an amended complaint. Ms. Rios moves for leave to amend her complaint, and Allianz opposes the motion.

The proposed amended complaint contains four counts. In Count I, which is identical to Count I of the original complaint (which has not been dismissed), Ms. Rios brings a breach of contract claim against Mr. Cabrera. In Count II, Ms. Rios brings a claim for deceptive trade practices against both defendants under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. In Count III, she brings a claim against Allianz for fraud, and in Count IV she brings a claim against Allianz for allegedly violating its fiduciary relationship with her.

**II. DISCUSSION**

**A. Legal Standard**

The court may deny leave to amend where amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

> "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Thus, the court analyzes the complaint using the same standard used on a motion to dismiss under Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in

3

a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

**B. Choice of Law**

The claims in this action are all based on state law. When a federal district court sits in diversity it applies the substantive law of the forum state. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 (1938). If a choice of law question exists, the court applies "the choice-of-law rules of the forum state to determine which state's law applies." *Chin v. Chrysler LLC*, 538 F.3d 272 (3d Cir. 2008) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

Here the forum state is Pennsylvania, but because the allegedly tortious activity appears to have taken place in New York,[2] a choice of law question is raised. Thus, Pennsylvania's choice of law rules will determine which state's law applies.

The Supreme Court of Pennsylvania has adopted the approach of the Restatement (2d) of Conflict of Laws for resolving choice of law. *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 22, 203 A.2d 796, 805 (1964). Under this scheme "[w]hat should be sought is an analysis of the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law." *McSwain v. McSwain*, 420 Pa. 86, 94, 215 A.2d 677, 682 (1966) (citing *Griffith*, 203 A.2d at 802, 805–06).

---

[2] The check was mailed to Ms. Rios's New York address, the contract in which Mr. Cabrera promised to repay the loan to Ms. Rios appears to have been signed in New York, and Mr. Cabrera traveled to Ms. Rios's home in New York to collect the check. The complaint is devoid of any indication that Ms. Rios ever dealt with Mr. Cabrera anywhere other than in New York.

4

A true choice of law conflict exists "when the governmental interests of [both] jurisdictions would be impaired if their law were not applied." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 187 n.15 (3d Cir. 1991). In such a case, the court will apply "the law of the state having the most significant contacts or relationships with the particular issue." *In re Estate of Agostini*, 311 Pa. Super. 233, 457 A.2d 861, 871 (1983). If no jurisdiction's interests would be impaired, *lex loci delicti* (the law of the forum in which the wrong occurred—here New York) applies. *See, e.g.*, *Miller v. Gay*, 323 Pa. Super. 466, 470 A.2d 1353, 1355–56 (1983).

Here, the Court need not consider whether any jurisdiction's interest will be impaired, because under *either* the Restatement's balancing test *or* the doctrine of *lex loci*, it is clear that New York law must apply. New York has the most significant contacts with the issues at stake—the extent to which harm was inflicted within New York, on one of its citizens, by the actions of a foreign corporation and its agent. Indeed, although both parties cite Pennsylvania law, the sole connection Pennsylvania has to this case is that it happens to be the state where Mr. Cabrera's resides.

Although not a choice of law issue, another problem raised by this proposed amended complaint is one of "geographic overbreadth." *See Casbah, Inc. v. Thorne*, 651 F.2d 551, 564 n.19 (8th Cir. 1981); *Bruce Church, Inc. v. United Farm Workers of America, AFL-CIO*, 816 P.2d 919, 925 (Ariz. Ct. App. 1991). At Count II, the proposed amended complaint brings a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201 et seq. However, Ms. Rios, as a New York consumer, cannot invoke Pennsylvania consumer protection statutes regarding conduct occurring outside

5

Pennsylvania. The long-standing rule is that "[l]aws have no force of themselves beyond the jurisdiction of the state which enacts them, and can have extraterritorial effect only by the comity of other states." *Huntington v. Attrill*, 146 U.S. 657, 669 (1892); *see also Bigelow v. Virginia*, 421 U.S. 809 (1975). Indeed, applying this Pennsylvania law to these facts would be unconstitutional: "[t]he Commerce Clause also precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State . . . [t]he limits on a State's power to enact substantive legislation are similar to the limits on the jurisdiction of state courts." *Shaffer v. Heitner*, 433 U.S. 186, 197 (1977). Moreover, by its own terms the law only applies to "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," with "trade" and "commerce" defined as activities that "affect[ ] the people of this Commonwealth." 73 P.S. §§ 201-2(3), 201-3. The activities the plaintiff complains of only affected herself, and she is a resident of New York. Thus, Count II of the proposed amended complaint fails to state a claim on which relief can be granted and amendment will be denied.

**C. The Amended Complaint Fails to State a Claim for Vicarious Liability for Fraud**

At Count III, the proposed amended complaint claims that Allianz is vicariously liable for the fraud allegedly committed by its agent. Under the doctrine of *respondeat superior*, employers are vicariously liable for torts committed by their employees acting within the scope of employment. *See, e.g.*, *Fernandez v. Rustic Inn, Inc.*, 60 A.D.3d 893, 896, 876 N.Y.S.2d 99, 102 (App. Div. 2009). Regardless of whether the employee's acts are negligent or intentional, "so long as the tortious conduct is generally foreseeable and a natural incident

6

of the employment," an employer is vicariously liable. *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 933, 715 N.E.2d 95, 96 (App. Div. 1999). However, where an employee "for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service," liability does not attach. *Id.*

Ms. Rios seeks to predicate Allianz's vicarious liability on Mr. Cabrera's allegedly fraudulent conduct in forging Ms. Rios's signature on the check endorsement. Forgery can be a form of misrepresentation, which is a tort in New York. Misrepresentation requires a false representation of a material fact that was made to induce the plaintiff into acting upon it; and that the plaintiff did so to her detriment. *See Barclay Arms v. Barclay Arms Assoc.*, 74 N.Y.2d 644, 647, 540 N.E.2d 707 (1989). Even if Mr. Cabrera falsely endorsed the check, he did so to induce *the bank's* reliance (so it would cash the check), not Ms. Rios's. Thus, with respect to the forged endorsement, the facts alleged in the proposed amended complaint fail to amount to fraud vis-a-vis Ms. Rios. Therefore, Count III fails to state a claim for Allianz's vicarious liability for fraud.

**D. The Amended Complaint Fails to State a Claim for Breach of Fiduciary Duty**

Ms. Rios brings a direct claim against Allianz for breach of fiduciary duty at Count IV of the proposed amended complaint. She suggests that Allianz breached its fiduciary duty by "paying out monies on a check which endorsement was forged."

However, a drawer of a check has no duty to ensure that an endorsement is not forged. Here, Allianz made the check and delivered it to Ms. Rios, who passed it on to Mr. Cabrera. If Mr. Cabrera forged the endorsement, he was not a holder in due course. *See* N.Y. UCC § 3-302. Assuming, *arguendo*, that his alleged endorsing of the check in Ms.

Rios's name was unauthorized (which is doubtful because the facts strongly suggest she ratified his signature under N.Y. U.C.C. § 3-404), *and* assuming Ms. Rios's own negligence did not substantially contribute to the unauthorized signature, *see* N.Y. U.C.C. § 3-406, then the check was not properly payable. *See* N.Y. U.C.C. 4-401. Nevertheless, a drawer is not liable to a payee when funds are paid out on a check with a forged endorsement. Instead, the drawee bank is liable to the drawer, and the depository bank is liable to the drawee. *See* UCC §§ 4-207, 4-401.

Because Allianz had no duty to ensure that the drawee bank did not pay out funds on an instrument with a forged endorsement, as a matter of law such conduct cannot constitute a breach of its fiduciary duty. Therefore, the proposed amendment at Count IV fails to state a claim on which relief can be granted.

### III. CONCLUSION

The proposed amended complaint fails to state a claim upon which relief can be granted at Counts II, III, and IV. Thus, amendment would be futile and leave to amend will be denied. The sole remaining claim in this case is the breach of contract claim against Mr. Cabrera at Count I of the original complaint. An appropriate order follows.

December 9, 2010  /s/ A. Richard Caputo
Date   A. Richard Caputo
   United States District Judge

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUD RIOS, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-636 |
| v. | (JUDGE CAPUTO) |
| MARIO CABRERA and ALLIANZ LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendants. | |

## **ORDER**

**NOW**, this 9th day of December, 2010, **IT IS HEREBY ORDERED** that the plaintiff's motion for leave to amend her complaint (Doc. No. 35) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge